UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| GARY L. LACY, | ) | CASE NO. 1:10 CV 1974 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| J. STEVE SHELDON, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Gary L. Lacy filed this action under 42 U.S.C. § 1983 against Richland County Sheriff J. Steve Sheldon. In the Complaint, Plaintiff objects to numerous conditions of confinement in the Richland County Jail. He seeks monetary and injunctive relief.

**Background**

Mr. Lacy is a pretrial detainee in the Richland County Jail. His Complaint simply lists multiple conditions in the jail. He claims:

1. Recreation is provided once per week.
2. There are no games like checkers or chess.
3. There is no reading library.
4. Black mold is present in certain pods.
5. Some showers have no cold water.
6. Prices in the commissary are higher than prices in prison commissaries.
7. The grievance procedure is inadequate.
8. The Corrections Officers are rude and use profanity.
9. Jail clothing is not exchanged on a weekly basis.

    10. Visitors are subjected to viewing pods, loud talk, and abusive language.
    11. Detainees charged with felonies and detainees charged with misdemeanors are housed together.
    12. Breakfast trays are always cold.
    13. The Jail has no chow hall.
    14. There is inadequate seating for meals.
    15. Pods are sometimes overcrowded in violation of zoning codes.
    16. At times, space limitations result in inmates sleeping on mattresses on floors.
    17. The jail has poor ventilation and lighting.
    18. There are an inadequate number of sinks and toilets.
    19. The jail is a fire hazard.
    20. Inmates are billed five dollars for every prescription.
    21. Nurses give heroin addicts pills without a doctor's order.
    22. Inmates who work in the kitchen get paid $ 6.50 and are fed meals.  Inmates that work in the maintenance department get haircuts from an outside barber.
    23. Newspaper clippings were taken during a shakedown.
    24. An inmate reported that no laundry detergent is used when clothes are washed.
    25. There are no weight lifting machines.
    26. Disinfectant is not used daily.
    27. No handbook with jail rules is provided to inmates.
    28. Corrections Officers threw away another inmate's grievances.

In addition, Mr. Lacy lists conditions pertaining to legal matters.  He claims the jail has no law library; however, copies of statutes will be provided if requested.  He contends inmates are not given envelopes, free photocopies, pens, or postage.  He states no indigent packages are provided for inmates.

## Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  *Neitzke v. Williams*, 490 U.S.

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one

319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As an initial matter, Mr. Lacy has not stated any legal basis for his Complaint. It is set forth entirely as a narrative. Based on the nature of the allegations, it appears he may be attempting to assert claims for violations of the Eighth Amendment and First Amendment, denial of access to the courts. The Court liberally construes his Complaint to encompass these claims.

**Eighth Amendment**

Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1,8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or

---

of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Mr. Lacy failed to establish the objective component of his claim. An Eighth Amendment claim is stated where a prisoner is denied some element of civilized human existence due to deliberate indifference or wantonness. *Wilson*, 501 U.S. at 298; *see also Hudson*, 503 U.S. at 8; *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir.1996). In sum, this prong of the Eighth Amendment affords protection against conditions of confinement which constitute health threats, but not against those which cause mere discomfort or inconvenience. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation). Prisoners cannot expect the amenities and services of a good hotel." *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir.1988); *see Thaddeus-X v. Blatter,175* F.3d 378, 405 (6th Cir. 1999). An odorous cell without comforts does not constitute the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. *See Knop v. Johnson,* 977 F.2d 996, 1012-19 (6th Cir.1992); *see also Chandler v. Chapleau*, No. 95-6615, 1996 WL 577603 at *1 (6th Cir. Oct. 7, 1996). Furthermore, while overcrowded conditions can be restrictive and even harsh, they do not violate the Eighth Amendment unless they deprive the inmate of the minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 347. Mr. Lacy's allegations describe conditions which are uncomfortable and inconvenient. He has not alleged a deprivation which triggers Eighth Amendment scrutiny.

### Access to Courts

Several of Mr. Lacy's allegations can be construed as a denial of access to the courts. He

contends inmates are not provided with direct access to a law library, and are not provided free envelopes, photocopies, pens, or postage. He claims no indigent packages are provided for inmates. Jail detainees must purchase these items from the commissary. He states the prices are very high at the commissary.

To state a claim for denial of access to the courts, Mr. Lacy must demonstrate he suffered actual injury as a result of these policies. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). This injury requirement is not satisfied by just any type of frustrated legal claim. *Id.* A prison official may be held liable for the deprivation of this First Amendment right only to the extent that his or her actions prevented a prisoner from pursuing or caused the rejection of a specific criminal defense, non-frivolous direct appeal, habeas corpus application, or civil rights action. *Id.*; *Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999). "Impairment of any other litigating capacity is simply one of the incidental, and perfectly constitutional, consequences of incarceration."[2] *Id.* at 355.

Mr. Lacy does not allege he suffered an actual injury as a result of any of the conditions he described in his Complaint. He states photocopies of statutes will be provided upon request. He indicates the lack of free writing utensils and envelopes makes it more difficult to communicate with attorneys or to act *pro se*. There is no suggestion, however, that he was prevented from pursuing a specific claim or action as a result of the conditions described in the pleading.

### Other Claims

To the extent Mr. Lacy intended to assert a claim other than one for violations of the Eighth

---

[2] The Supreme Court stressed that the First Amendment does not guarantee prisoners the ability to transform themselves into "litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Lewis*, 518 U.S. at 355.

Amendment and First Amendment, he has failed to do so. Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A Complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. Moreover, the failure to identify a particular legal theory in his complaint places an unfair burden on the Defendants to speculate on the potential claims that Plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. *See Wells v. Brown*, 891 F.2d at 594. Even liberally construed, the Complaint does not sufficiently state another federal constitutional claim or claims upon which Plaintiff intends to base his § 1983 action.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

---

[3] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not

      IT IS SO ORDERED.

                                             /s/ Patricia A. Gaughan
                                          PATRICIA A. GAUGHAN
                                          UNITED STATES DISTRICT JUDGE

Dated: 1/10/11

---

taken in good faith.